UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZACHARY BELLI, et al.,

    Plaintiffs,

v.                                      CASE NO: 8:12-cv-1001-T-23MAP

HEDDEN ENTERPRISES, INC.,
d/b/a INFINITY TECHNOLOGY
SOLUTIONS

    Defendant.
_____/

## ORDER

The plaintiffs sue (Doc. 1) under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, but announce (Doc. 27) a settlement, which agreement requires review and approval by the district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

**The parties shall move on or before AUGUST 31, 2012, for approval of the proposed settlement**. The parties must attach to the motion an executed, written agreement or memorialization of the terms of the settlement. In the motion, the parties must (1) identify each party's estimate of the hourly wage and the number of unpaid hours worked (in other words, establish the range of each plaintiff's potential recovery) and (2) confirm that the attached agreement includes every term and condition of the parties' settlement (in other words, confirm the absence of any "side deal"). If the settlement involves a compromise (in other words, if the plaintiffs

either receive less than the full compensation claimed for unpaid wages, liquidated damages, and attorney's fees or agree to a term other than the release of the claim in exchange for full compensation, promptly paid), the parties must identify the bona fide dispute or disputes resolved by the compromise and state the reason for the compromise.  **No confidentiality provision, general release, non-disparagement clause, or legal-practice restriction will be approved**.  *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

In addition, the parties must either (1) demonstrate the reasonableness of the proposed attorney's fee using the lodestar approach or (2) confirm that the parties agreed to the plaintiffs' attorney's fee separately and without regard to the amount paid to settle the FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

ORDERED in Tampa, Florida, on August 13, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE